**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00333-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| John Adam Bachler, | |
| Defendant. | |

Before the Court is Defendant's Motion to Suppress (Doc. 54), which seeks the suppression of firearms and ammunition seized pursuant to a search warrant (Defense Exhibit 105 from the January 17, 2020 suppression hearing) on the basis that the warrant was broader than the probable cause on which it was based. For reasons explained below, Defendant's motion is granted.

**I. The Charge**

Defendant is charged in the Superseding Indictment with one count of possession of a firearm/ammunition while being subject to a protective order in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). (Doc. 26.) The firearms and ammunition in question were seized during the execution of the subject search warrant.

**II. Background**

Following a hearing, the Superior Court of Arizona in Maricopa County issued an Order of Protection against Defendant. When issuing the Order of Protection, the state court determined that the Brady Handgun Violence Prevention Act and 18 U.S.C. §

922(g)(8) applied to Defendant. The state court ordered that Defendant was disqualified from purchasing or possessing a firearm or ammunition. The Government contends that Defendant, in violation of the Order of Protection, retrieved from the Phoenix Police Property Management Bureau nine firearms that previously had been taken from him.

On November 15, 2018, ATF Special Agent Gonzales submitted an Application for a Search Warrant. The application was accompanied by "Attachment B," which described the "Evidence to be Searched for and Seized," and the agent's "Affidavit in Support of Application for Search Warrant," which listed ten specific firearms, including manufacturer, model, and serial number. (Doc. 54-1.) Attachment B identified the evidence to be searched for and seized to include, among other things, "Firearms and ammunition." Finding that probable cause existed, the Magistrate Judge issued the warrant and explicitly incorporated Attachment B, but not Agent Gonzales' affidavit.

### III. Fourth Amendment Particularity and Breadth

The Fourth Amendment provides in relevant part that "no Warrants shall issue, but upon probable cause . . . and particularity describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Ninth Circuit has described this requirement as one of "specificity" and has "distinguished its 'two aspects'; 'particularity and breadth . . . . Particularity is the requirement that the warrant must clearly state what is sought. Breadth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based.'" *United States v. SDI Future Health, Inc.*, 568 F. 3d 684, 702 (9th Cir. 2009) (quoting *In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 856-57 (9th Cir. 1991)). "Particularity means that 'the warrant must make clear to the executing officer exactly what it is that he or she is authorized to search for and seize.'" *Id*. The Ninth Circuit has recognized that there are circumstances in which generic categories of items is permissible. Warrants that "'describe generic categories of items are not necessarily invalid if a more precise description of the items subject to seizure is not possible.'" *Id.* at 702 (quoting *United States v. Spilotro*, 800 F.2d. 959, 963 (9th Cir. 1986).

## IV. Analysis

The firearms seized in the subject search previously had been held in the custody of the Phoenix Police Department, which had prepared an inventory identifying each firearm. Therefore, when Agent Gonzales prepared the affidavit and search warrant application, she had specific identification information for each firearm. However, the warrant application and the warrant itself generically listed "firearms and ammunition" as "evidence to be searched for and seized."

In *United States v. Nora,* 765 F.3d 1049 (9th Cir. 2014), the Ninth Circuit evaluated a warrant that used a similarly generic description of "firearms, magazines, and ammunition." The affidavit in support of the warrant stated that the defendant had been seen running into his house with a handgun that he was not permitted to carry in public. *Id.* at 1059-60. The *Nora* court concluded that the generic description exceeded the scope of the probable cause, explaining:

> The officers had probable cause to search for the blue-steel semiautomatic handgun they saw Nora carrying, but the only clause of the warrant addressing firearms did not specifically describe the weapon. It instead purported to authorize the seizure of firearms of any stripe, expanding the scope of the search to include firearms for which the officers did not have probable cause. Since a warrant must be no broader than the probable cause upon which it is based, the firearms clause must be stricken[.]

*Id.* at 1060 (quotation and citation omitted). Here, like in *Nora*, the generic description of the weapons expanded the scope of the search to include firearms for which Agent Gonzales did not have probable cause.

The Government argues that the good faith exception to the exclusionary rule should be applied. "When it invokes the exception, the government bears the burden of proving that the officers relied on the search warrant 'in an objectively reasonable manner.'" *SDI Future Health*, 568 F.3d at 706 (quoting *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007)). The good faith exception was not raised in *Nora*, but was explicitly rejected in *United States v. Weber,* 923 F.2d 1338, 1346 (9th Cir. 1991) because, "[a]t the time [the agent] applied for the warrant, the law was clear that a warrant could not be broader than

- 3 -

the probable cause on which it was based."

The good faith exception to the exclusionary is inapplicable here because the warrant's overbreadth was so pronounced that the executing officer could not have reasonably relied on it. The warrant failed to particularly describe the items to be searched and seized, even though that information was available to and known by the agent.

Lastly, at oral argument the Government argued that the affidavit, which contained the specific identifying information for each weapon, should be incorporated into the warrant. The Government's argument relies on the "well-settled principle that a warrant's overbreadth can be cured by an accompanying affidavit that more particularly describes the items to be seized." *United States v. Luk*, 859 F.2d 667, 676 (9th Cir. 1988). The question becomes whether the agent's affidavit is part of the search warrant such that its description of the firearms may be consulted in deciding whether the warrant was sufficiently particular.

The requisites for the incorporation of the affidavit into the warrant were set out in *United States v. Hillyard*, 677 F.2d 1336, 1340 (9th Cir. 1982): "The search warrant may be construed with reference to the affidavit for purposes of satisfying the particularity requirement if (1) the affidavit accompanies the warrant, and (2) the warrant uses suitable words of reference which incorporate the affidavit therein." Here, the warrant makes no reference to the affidavit and no evidence was presented at the evidentiary hearing that the affidavit accompanied the warrant when the agents executed it. The Government has established neither of the requisites for the incorporation of the affidavit. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress (Doc. 54) is **GRANTED.**

Dated this 22nd day of January, 2020.

Douglas L. Rayes
United States District Judge

- 4 -